IN THE UNITED STATES DISTRICT COURT
FOR THE SOUTHERN DISTRICT OF ALABAMA

| | | |
|---|---|---|
| **HANCOCK WHITNEY BANK,** | § | |
| Plaintiff, | § | |
| vs. | § | CASE NO. 1:25-cv-00395 |
| **AMERICAN RENTAL & ENTERTAINMENT, LLC aka AMERICAN POWER EQUIPMENT, PALMER REAL ESTATE HOLDINGS LLC, and JASON T. PALMER,** jointly and individually, | § § § | |
| | § | |
| Defendants. | | |

## COMPLAINT

COMES NOW, Plaintiff, Hancock Whitney Bank ("Hancock Whitney"), and files its complaint against Defendants, American Rental & Entertainment, LLC aka American Power Equipment ("American Rental"), an Alabama limited liability company, Palmer Real Estate Holdings, LLC ("Palmer Holdings"), an Alabama limited liability company, and Jason T. Palmer aka Jason Thomas Palmer ("Palmer"), (each individually a "Defendant" and collectively the "Defendants"), individually and jointly. In support of this Complaint, Hancock Whitney states as follows:

## PARTIES

1. Hancock Whitney is a Mississippi banking organization that is organized under the laws of the State of Mississippi. Although its principal place of business is in Mississippi, it routinely conducts business in the State of Alabama.

2. Upon information and belief, American Rental is an Alabama limited liability company and conducts/conducted business in the State of Alabama. Palmer is the registered agent for American Rental, and its registered street address is 5480 Willis Road, Theodore, Alabama 36582. Upon further information and belief, Palmer is the sole Member of American Rental, holding a one hundred percent (100%) membership interest.

3. Upon information and belief, Palmer Holdings is an Alabama limited liability company and conducts/conducted business in the State of Alabama. Palmer is the registered agent for Palmer Holdings, and its registered street address is 5480 Willis Road, Theodore, Alabama 36582. Upon further information and belief, Palmer is the sole Member of Palmer Holdings, holding a one hundred percent (100%) membership interest.

4. Upon information and belief, Palmer is an individual, over the age of nineteen (19) years, who is a citizen of Mobile County, Alabama, and whose domicile is 1675 Rockstone Lane, Mobile, Alabama 36695.

## JURISDICTION AND VENUE

5. Venue is proper in the Southern District of Alabama.

6. This Court has jurisdiction over this civil action pursuant to 28 U.S.C. § 1332. There is diversity of citizenship between the parties and the amount in controversy exceeds $75,000.00, exclusive of costs and interest, the minimum limits of the Court. Therefore, diversity of the parties is met and the claim between the parties exceeds the required jurisdictional amount necessary for diversity jurisdiction purposes.

## AGENCY

7. Whenever it is alleged that American Rental or Palmer Holdings committed an act, it is also to be taken that American Rental or Palmer Holdings committed said act or acts

through its officers, managers, members, directors, agents, owners, employees, servants, or representatives, acting with full authority, by virtue of express, apparent, or implied authority and agency within the course and scope of any employment and/or with the full ratification of American Rental or Palmer Holdings' acts.

## FACTUAL ALLEGATIONS

The following facts are material to the claims asserted in this Complaint.

### COMMERCIAL REAL ESTATE
### HANCOCK WHITNEY BANK LOAN 6856

8.  On December 30, 2021, Palmer, on behalf of American Rental and Palmer Holdings, executed a Promissory Note ending in 6856 (hereinafter the "6856 Note"), in favor of Hancock Whitney, in the amount of $2,753,700.00. A true and correct copy of the 6856 Note is attached as **Exhibit "A"** and incorporated by reference for all purposes.

9.  Also, on or about December 30, 2021, Palmer, as Manager of American Rental and Palmer Holdings, executed a Commercial Security Agreement (hereinafter the "Security Agreement"), in favor of Hancock Whitney, in the amount of $2,753,500.00. A true and correct copy of the Security Agreement is attached as **Exhibit "B"** and incorporated by reference for all purposes.

10. On December 30, 2021, Palmer executed a Commercial Guaranty (hereinafter the "Palmer Guaranty"). Pursuant to the Palmer Guaranty, Palmer unconditionally guaranteed the payment, performance, and complete fulfillment of all obligations of American Rental and Palmer Holdings on the 6856 Note to Hancock Whitney, whether then existing or thereafter acquired. A copy of the Palmer Guaranty is attached as **Exhibit "C"** and incorporated by reference for all purposes.

11. On or about January 11, 2022, Palmer Holdings executed a Secondary Participation Guaranty Agreement (hereinafter the "Secondary Participation Guaranty"). Pursuant to the Secondary Participation Guaranty, Palmer Holdings unconditionally guaranteed the payment, performance, and complete fulfillment of all the obligations of American Rental and Palmer Holdings on the 6856 Note to Hancock Whitney, whether then existing or thereafter acquired. A copy of the Secondary Participation Guaranty is attached as **Exhibit "D"** and incorporated by reference for all purposes.

12. A first lien on all business assets serves as collateral (hereinafter the "Collateral") for the Secondary Participation Guaranty. Hancock Whitney has a perfected security interest in the Collateral as evidenced by a properly perfected UCC-1 Financing Statement (hereinafter the "UCC-1"). A copy of the UCC-1 is attached as **Exhibit "E"** and incorporated by reference for all purposes.

13. The 6856 Note is in default. Hancock Whitney accelerated the indebtedness pursuant to its terms and conditions.

<u>LINE OF CREDIT</u>
<u>HANCOCK WHITNEY BANK LOAN 6860</u>

14. On or about December 30, 2021, Palmer, on behalf of American Rental, executed a Promissory Note (hereinafter "Note-1") in favor of Hancock Whitney, in the amount of $110,000.00. A true and correct copy of Note-1 is attached as **Exhibit "F"** and incorporated by reference for all purposes.

15. On or about January 13, 2022, Palmer, on behalf of American Rental, executed a Promissory Note (hereinafter "Note-2") in favor of Hancock Whitney, in the amount of $150,000.00. A true and correct copy of Note-2 is attached as **Exhibit "G"** and incorporated by

reference for all purposes. Note-2 was extended five (5) times with the last extension dated February 11, 2025.

16. Note-1, Note-2 and all subsequent Notes are collectively hereinafter referred to as the "6860 Line of Credit". The 6860 Line of Credit is in default. Hancock Whitney accelerated the indebtedness pursuant to its terms and conditions.

17. The 6856 Note, Security Agreement, Palmer Guaranty, Secondary Participation Guaranty, and the 6860 Line of Credit documents all provide for recovery of continuing interest and costs of collection, including, without limitation, reasonable attorney's fees. All of these documents are hereinafter collectively referred to as the "Loan and Security Documents".

**BUSINESS CREDIT CARD**
**HANCOCK WHITNEY CREDIT CARD**
**THE "CREDIT CARD"**

18. Palmer, on behalf of, and as Guarantor for, American Rental, applied for, obtained and enjoyed the use and benefit of a business credit card with Hancock Whitney bearing 2431 as the last four digits of the credit card account number (hereinafter the "Credit Card").

19. American Rental was bound by the credit card terms and conditions pursuant to the Hancock Whitney Business Points Plus Credit Card Account Agreement (hereinafter the "Credit Card Agreement"). A true and correct copy of the Credit Card Agreement is attached as **Exhibit "H"** and incorporated by reference for all purposes.

20. Hancock Whitney provided monthly account statements to American Rental and requested that American Rental timely pay the obligations on the Credit Card.

21. American Rental failed to fulfil its obligations under the Credit Card Agreement by, among other things, failing to make payments as promised under the terms and conditions of

the Credit Card Agreement, and thus, has defaulted under the terms of the Credit Card Agreement.

22. Hancock Whitney has previously demanded payment from American Rental and Palmer due to this breach and provided American Rental and Palmer with time to cure the same, but American Rental and Palmer have failed and/or refused to pay the amount due.

23. The outstanding balance owed pursuant to the Credit Card Agreement is fully due and payable.

## COUNT ONE
### BREACH OF CONTRACT – THE "6856 NOTE"

24. Hancock Whitney adopts and incorporates by reference, each of the foregoing paragraphs in this Complaint, as if fully set forth herein.

25. Hancock Whitney performed as required under the 6856 Note.

26. American Rental and Palmer Holdings breached the 6856 Note by failing to perform as required.

27. Hancock Whitney was damaged by the Defendants' nonperformance under the 6856 Note.

28. Additionally, the 6856 Note provides for recovery of all unpaid interest and cost of collection, including, without limitation, reasonable attorney fees and expenses.

WHEREFORE, above premises considered, Plaintiff, Hancock Whitney Bank, respectfully demands judgment in its favor and against Defendants on the 6856 Note as a result of the Defendants' breach of the 6856 Note, in the amount of $2,421,959.05 (as of September 23, 2025), plus pre-judgment interest that continues to accrue, post-judgment interest, attorneys'

fees, expenses, court costs, and such other, further, and different relief, in equity or in law, to which it may otherwise prove itself entitled.

## COUNT TWO
### BREACH OF CONTRACT – 6860 LINE OF CREDIT
### THE "6860 LINE OF CREDIT"

29. Hancock Whitney adopts and incorporates by reference, each of the foregoing paragraphs in this Complaint, as if fully set forth herein.

30. Hancock Whitney and Palmer entered into the 6860 Line of Credit, which was binding upon the parties.

31. Hancock Whitney performed as required under the 6860 Line of Credit.

32. Palmer breached the 6860 Line of Credit by failing to perform as required under the 6860 Line of Credit.

33. Hancock Whitney was damaged by Palmer's nonperformance under the 6860 Line of Credit.

34. Additionally, the 6860 Line of Credit provides for recovery of all unpaid interest and cost of collection, including, without limitation, reasonable attorney fees and expenses.

WHEREFORE, above premises considered, Plaintiff Hancock Whitney Bank respectfully demands judgment in its favor and against Palmer on the 6860 Line of Credit in the amount of $149,169.27 (as of September 23, 2025), plus pre-judgment interest that continues to accrue, post-judgment interest, attorneys' fees, expenses, court costs, and such other, further, and different relief, in equity or in law, to which it may otherwise prove itself entitled.

## COUNT THREE
### BREACH OF CONTRACT – COMMERCIAL GUARANTY
### THE "PALMER GUARANTY"

35. Hancock Whitney adopts and incorporates by reference, each of the foregoing paragraphs in this Complaint, as if fully set forth herein.

36. Hancock Whitney and Palmer entered into the Palmer Guaranty, which was binding upon the parties.

37. Hancock Whitney performed as required under the Palmer Guaranty.

38. Palmer breached the Palmer Guaranty by failing to perform as required under the Palmer Guaranty.

39. Hancock Whitney was damaged by Palmer's nonperformance under the Palmer Guaranty.

40. Additionally, the Palmer Guaranty provides for recovery of all unpaid interest and cost of collection, including, without limitation, reasonable attorney fees and expenses.

WHEREFORE, above premises considered, Plaintiff Hancock Whitney Bank respectfully demands judgment in its favor and against Jason T. Palmer aka Jason Thomas Palmer on the Palmer Guaranty in the amount of $2,589,515.69 (as of September 23, 2025), plus pre-judgment interest that continues to accrue, post-judgment interest, attorneys' fees, expenses, court costs, and such other, further, and different relief, in equity or in law, to which it may otherwise prove itself entitled.

## COUNT FOUR
### BREACH OF CONTRACT – HANCOCK WHITNEY CREDIT CARD
### THE "CREDIT CARD"

41. Hancock Whitney adopts and incorporates by reference, each of the foregoing paragraphs in this Complaint, as if fully set forth herein.

8

42. Hancock Whitney performed as required under the Credit Card Agreement.

43. American Rental breached the Credit Card Agreement by failing to perform as required.

44. Hancock Whitney was damaged by the Defendant American Rental's nonperformance under the Credit Card Agreement.

WHEREFORE, above premises considered, Plaintiff Hancock Whitney Bank respectfully demands judgment in its favor and against Defendants in the amount of $18,387.37 (as of September 23, 2025), plus pre-judgment interest that continues to accrue, post-judgment interest, attorneys' fees, expenses, court costs, and such other, further, and different relief, in equity or in law, to which it may otherwise prove itself entitled.

## RELIEF REQUESTED

WHEREFORE, above premises considered, Plaintiff Hancock Whitney Bank respectfully demands judgment in its favor and against the Defendants, American Rental, Palmer Holdings and Jason T. Palmer, as follows:

(a) **Count One:** general damages against Defendants American Rental and Palmer Holdings in the amount of $2,421,959.05 (as of September 23, 2025), for breach of the 6865 Note, plus the applicable per diem;

(b) Additional prejudgment interest as provided by the 6860 Note;

(c) **Count Two**: general damages against Defendants American Rental and Palmer Holdings in the amount of $149,169.27 (as of September 23, 2025), for breach of the 6860 Line of Credit, plus applicable per diem;

(d) **Count Three:** general damages against Defendant Jason T. Palmer in the amount of $2,589,515.69 (as of September 23, 2025) for breach of the Palmer Guaranty, plus the applicable per diem;

(e) **Count Four:** general damages against all Defendants in the amount of $18,387.37 (as of September 23, 2025), as currently due under breach of contract, open account, and account stated, pursuant to the Credit Card;

(f) Prejudgment and Post-judgment interest as provided by the Loan and Security Documents;

(g) All incurred, accruing, and future reasonable attorney fees and costs, plus reasonable attorney fees and costs that may be incurred in the event of any appeals and/or post judgment enforcement and/or collection efforts;

(h) All accruing late charges and fees;

(i) All costs of court;

(j) Any and all costs of collection;

(k) Interest at the maximum rate provided by the Loan and Security Documents and Alabama law, on the total amount of the judgment, from the date of judgment and continuing until paid in full; and

(l) Such other and further relief to which Hancock Whitney Bank may be entitled.

Respectfully submitted this 23rd day of September, 2025.

                                                     s/Joshua D. Friedman
                                                   JEFFERY J. HARTLEY
                                                   JOSHUA D. FRIEDMAN
                                                   Counsel for Plaintiff,
                                                   HANCOCK WHITNEY BANK

HELMSING LEACH, P.C.
Post Office Box 2767
Mobile, AL 36652
(251) 432-5521
(251) 432-0633 Fax
Email: jjh@helmsinglaw.com
jdf@helmsinglaw.com

**NOTE TO CLERK**:

Defendants to be served via Process Server, **Integrity Investigations.**

    American Rental & Entertainment, LLC aka American Power Equipment
    Jason T. Palmer, Registered Agent
    5480 Willis Road
    Theodore, Alabama  36582

    Palmer Real Estate Holdings
    Jason T. Palmer, Registered Agent
    5480 Willis Road
    Theodore, Alabama  36582

    Jason T. Palmer
    1675 Rock Stone Lane
    Mobile, Alabama  36695

                                                     **s/Joshua D. Friedman**

4930-2797-8858, v. 1